THTML LLC v Trust for Architectural Easements (2020 NY Slip Op 07518)





THTML LLC v Trust for Architectural Easements


2020 NY Slip Op 07518


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 151036/18 Appeal No. 12659 Case No. . 2020-01805 

[*1]THTML LLC, Plaintiff-Appellant,
v
Trust for Architectural Easements Formerly Known as National Architectural Trust, Inc., Defendant-Respondent. 


Ellenoff Grossman & Schole LLP, New York (Eric Weinstein of counsel), for appellant.
Karen M. Leonel, Washington, D.C., of the bar of the District of Columbia, admitted pro hac vice, of counsel, for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered November 29, 2019, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.
The motion court properly granted summary judgment to defendant and denied plaintiff's cross motion for summary judgment. Plaintiff THTML LLC is a New York entity formed on December 31, 2015 by nonparty Joseph Sabbagh. Defendant Trust for Architectural Easements, formerly known as National Architectural Trust, Inc., is a tax-exempt, nonprofit organization whose stated mission is to preserve America's architectural heritage through the acquisition and stewardship of historic preservation easements.
As such, by Historic Preservation Deed of Easement dated December 20, 2007 (the deed of easement), nonparty 15 W. 17th St., LLC, whose members include plaintiff's principal Joseph Sabbagh, granted to defendant a faÇade easement and development rights for the property located at 126-128 E. 13th St. in Manhattan (the property). Although plaintiff's main contention in the action is that 15 W. 17th St. did not transfer development rights to defendant in the deed of easement, paragraph 3 expressly states:
"Grantor further desires to grant to Grantee any and all Developmental Rights associated with the Premises. . . .The parties acknowledge such grant shall forever remove the Developmental Rights from the Premises, prohibit Grantor from transferring or otherwise using the Development Rights, and that Grantee hereby extinguishes such Development Rights."
While paragraph 1(h) refers to development rights that could arise as a result of future changes to the zoning laws, plaintiff does not identify any changes to the zoning laws that would have resulted in new development rights other than the ones extinguished in paragraph 3 of the deed of easement. Accordingly, we find that 15 W. 17th St. did not retain any development rights to transfer to subsequent owners, and therefore plaintiff could not have purchased the development rights from nonparty The Milan Associates, L.P. Without any cognizable interest in the property, the motion court correctly determined that plaintiff lacked standing to bring the action (Gilliland v Acquafredda Enters., LLC, 92 AD3d 19, 25 [1st Dept 2011]; Real Property Law § 245).
We also find that, contrary to plaintiff's contention, this case is not analogous to Orange & Rockland Util. v Philwold Estates (52 NY2d 253 [1981]), which held in part that "a cloud on title . . . is never barred by the Statute of Limitations" (id. at 261), as plaintiff here is not attempting to remove a cloud on its own title, which it does not have, but rather to obtain a declaration under RPAPL 1951 that 15 W. 17th St., a nonparty, retained the development rights for the property under the deed of easement. Given defendant's position (and the above determination) that no such rights were retained [*2]by 15 W. 17th St., the proper course would have been for 15 W. 17th St. to challenge the transfer in a plenary action within six years (CPLR 213[1]), which expired in 2013. Accordingly, the complaint was properly dismissed and plaintiff's cross motion properly denied.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020